IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Isiah James, Jr., | ) | C/A No.: 1:23-6046-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER AND NOTICE |
| | ) | |
| Sumter County, | ) | |
| | ) | |
| Respondent. | ) | |

Isiah James, Jr. ("Petitioner"), proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual and Procedural Background

On June 18, 1979, Petitioner was convicted and sentenced in the Sumter County Court of General Sessions on two counts of voluntary manslaughter and one count of armed robbery. *James v. Stirling*, C/A No. 1:17-1837-TLW, ECF No. 13 at 1–2 (D.S.C. Nov. 6, 2017).[1] On July 11, 2017,

---

[1] The Court takes judicial notice of the record in Petitioner's prior case. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note

1

he filed a petition for habeas corpus alleging the South Carolina Department of Corrections ("SCDC") incorrectly calculated his sentence expiration date due to improper computation of good time and earned work credits. *Id.* at 2 (citing ECF No. 1 at 7–9). The court granted Respondent's motion for summary judgment and dismissed the petition without prejudice based on Petitioner's failure to exhaust his state court remedies. *James v. Stirling*, C/A No. 1:17-1837-TLW, ECF No. 23 (D.S.C. Sept. 24, 2018).

Petitioner returns with the same argument in the instant petition, but states he is no longer confined to an SCDC facility, as he was released on parole. [ECF No. 1 at 1–2]. He asserts he previously challenged the calculation of good time and earned work credits in the South Carolina Administrative Law Court ("SCALC"), the South Carolina Court of Appeals ("SCCOA"), and the South Carolina Supreme Court ("SCSC"). *Id.* at 2, 6. He states the SCCOA affirmed the SCALC's decision on June 29, 2022, and the SCSC denied certiorari in 2023. *Id.* at 6.

Petitioner argues Respondent has applied an unconstitutional ex-post facto law and its actions serve as cruel and unusual punishment in violation of the Eighth Amendment and violate his due process rights under the

---

that 'the most frequent use of judicial notice is in noticing the content of court records.'").

2

Fourteenth Amendment. *Id.* at 6–7. He requests this court "vacat[e] . . . the remainder of the state court sentence." *Id.* at 8, 9.

II.  Discussion

    A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a

3

federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Proper Defendant Not Named

Petitioner names "Sumter County" as the respondent to the petition. "A prisoner's custodian is the proper respondent in a habeas corpus action." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Although Petitioner was convicted and sentenced in Sumter County, he does not appear to be in the custody of Sumter County.

"While [a parolee's] parole releases him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom," which "is enough to keep him in the 'custody' of [the state parole board" within the meaning of the habeas corpus statute." *Jones v. Cunningham*, 371 U.S. 236, 243 (1963). As a state parolee, Petitioner appears to be in the custody of the South Carolina Department of Probation, Parole and Pardon Services ("SCDPPPS") and its Director, Jodi Gallman. *See Taylor v. Gainey*, C/A No. 0:05-1850-HMH-BM, 2006 WL 1083439, at *2 (D.S.C. Apr. 18, 2006).

Petitioner is directed to amend his petition to reflect his current custodian. If Petitioner fails to amend his petition, he is hereby placed on notice of the court's intention to substitute Jodi Gallman for Sumter County

4

as the respondent.

        2.      Case Improperly Brought Under 28 U.S.C. § 2241

Petitioner filed this action using the standard "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" form. [ECF No. 1] Because Petitioner is considered a state prisoner, relief pursuant to § 2241 is unavailable to him and he should have brought his petition pursuant to 28 U.S.C. § 2254. *See Hewlett v. Goode*, C/A No. 7:20-494, 2020 WL 6136849, at *2 (W.D. Va. Oct. 19, 2020) (citing *In re Wright*, 826 F.3d 774, 779 n.5 (4th Cir. 2016)). Although both § 2241 and § 2254 extend to persons in custody "in violation of the Constitution or laws or treaties of the United States," § 2254 specifically pertains to "[p]erson[s] in custody pursuant to the judgment of a State court." *Wright*, 826 F.3d 779–80.

The AEDPA "contains 'gatekeeping' provisions that establish . . . procedural and substantive standards governing 'second or successive' habeas petitions." *In re Minarik*, 166 F.3d 591, 595 (3d. Cir. 1999); 28 U.S.C § 2244. "District courts lack jurisdiction to entertain unauthorized successive habeas petitions." *Daniels v. Cohen*, C/A No. 16-753-PMD-SVH, 2016 WL 5402858, at *2 (D.S.C. Sept. 28, 2016) (citing *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003)).[2] Under the abuse-of-writ doctrine, "new claims raised in

---

[2] "Procedurally, the AEDPA amendments require petitioners to file a motion in the appropriate Court of Appeals requesting an order authorizing the

subsequent habeas petitions [are] abusive—and thus, barred—if those claims were available to the petitioner at the time of a prior petition's filing." *Id.* (citing *Wright*, 826 F.3d at 784 (internal quotations omitted)).

Petitioner has previously filed multiple unsuccessful habeas petitions challenging his conviction and sentence. *See James v. Martin*, C/A 3:81-1550 (D.S.C. Jan. 5, 1983); *James v. Martin*, C/A No. 3:82-1226 (D.S.C. July 12, 1982); *James v. Leeke*, C/A NO. 3:84-263 (D.S.C. Apr. 4, 1984); *James v. Leeke*, C/A No. 3:84-264 (D.S.C. Nov. 6, 1985); James v. Evatt, C/A No. 3:90-1944 (D.S.C. Dec. 14, 1990); *James v. Carmichael*, C/A No. 3:92-2411 (D.S.C. Feb. 25, 1994); *James v. Moore*, C/A No. 0:97-627 (D.S.C. Aug. 4, 1997); *James v. Taylor*, C/A No. 0:98-742 (D.S.C. Aug. 18, 1998); *James v. Cohen*, C/A No. 9:07-4163 (D.S.C. Feb. 19, 2009); *James v. Ozmint*, C/A No. 1:08-2256 (D.S.C. Sept. 13, 2010); *James v. Stirling*, C/A No. 1:17-1837 (D.S.C. Sept. 24, 2018). However, the undersigned does not consider this petition to be second or successive because the claims he brings in this petition were not available to him when he filed his prior petitions.[3] Therefore, Petitioner is not required to file a motion in the Fourth Circuit requesting an order

---

District Court to consider their 'second or successive' application." *Minarik*, 166 F.3d at 595; 28 U.S.C. § 2244(b)(3)(A).

[3] As noted above, Petitioner presented similar issues in *James v. Stirling*, C/A No. 1:17-1837-TLW, ECF No. 23 (D.S.C. Sept. 24, 2018). The court dismissed the petition without prejudice because Petitioner had not exhausted his administrative remedies. *Id.* Petitioner avers that he subsequently exhausted his administrative remedies. [ECF No. 1].

authorizing this court to consider a second or successive application.

Petitioner is directed to amend his petition to reflect its filing pursuant to § 2254. If Petitioner fails to amend his petition, he is hereby placed on notice of the court's intention to reconstrue the petition as one brought pursuant to § 2254.

### 3.     Failure to State a Cognizable Claim

Petitioner requests this court vacate the remainder of his sentence. [ECF No. 1 at 8, 9]. He argues his earned work and good time credits were improperly applied based on several policy changes between when he entered SCDC and when he was paroled. *Id.* at 2, 7.

South Carolina law distinguishes between post-release treatment for those granted parole, as opposed to those who "served the term for which [they] ha[d] been sentenced less deductions allowed therefrom for good conduct." "Any person who shall have served the term for which he has been sentenced less deductions allowed therefrom for good conduct shall, upon release, be treated as if he had served the entire term for which he was sentenced." S.C. Code Ann. § 24-21-690. In contrast, "[a]ny prisoner who may be paroled under authority of this chapter shall continue on parole until the expiration of the maximum term or terms specified in his sentence without deduction of such allowance for good conduct as may be provided by law." S.C. Code Ann. § 24-21-670. In *Taylor v. Gainey*, C/A No. 0:05-1850-HMH-

BM, 2006 WL 1083439 (D.S.C. Apr. 18, 2006), the court relied on S.C. Code Ann. § 24-21-670 in adopting the report and recommendation and granting Defendants' motion to dismiss for failure to state a claim where a parolee requested the court relieve her from a period of parole for the remainder of her life. It credited Defendant's argument "that the law in South Carolina has always been, and remains today, that a person being paroled will remain under the supervision of the South Carolina Department of Probation, Parole and Pardon Services until their sentence expires." *Id.* at *2. Thus, South Carolina law denies parolees the benefit of good time and earned work credits for the purpose of reducing the length of their sentences.

Even should the court find SCDC misapplied Petitioner's good time and earned work credits, it appears that S.C. Code Ann. § 24-21-670 would prevent it from granting Petitioner the relief he requests. As a parolee, petitioner must remain under the supervision of SCDPPPS until his sentence expires. Therefore, the petition is subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

The undersigned permits Petitioner until **January 29, 2024**, to cure the deficiencies addressed above through the filing of an amended petition. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Petitioner is reminded an amended petition replaces the original petition and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d

8

567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Petitioner files an amended petition, the undersigned will conduct screening of the amended petition. If Petitioner fails to file an amended petition or fails to cure the deficiencies identified above, the undersigned will recommend to the district judge that the petition be dismissed without leave for further amendment.

    IT IS SO ORDERED.

January 8, 2024　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　United States Magistrate Judge